IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOOR AHMED HUSSEIN, | |
| Petitioner, | **4:26CV3036** |
| v. | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security;[1] ALLEN GILL, in his official capacity as Field Office Director of Omaha office of United States Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in his official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; PAMELA BONDI, in her official capacity as the Attorney General of the United States Attorney General; and STEVE FANNON, the Warden of the McCook Detention Center; | **ORDER** |
| Respondents. | |

This matter is before the Court on petitioner Noor Ahmed Hussein's ("Hussein") Emergency Petition for a Writ of Habeas Corpus and Complaint for Declaratory Relief (Filing No. 1). *See* 28 U.S.C. §§ 2241(c)(3), 2201-2202. He states he is being "physically detained in McCook, Nebraska" pending removal proceedings. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493-500 (1973).

---

[1]Markwayne Mullin was sworn in March 24, 2026. He is automatically substituted for his predecessor, Kristi Noem, pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to make that change on the docket sheet.

Hussein asserts three claims for relief—all based on his belief that he is being unlawfully detained pursuant to Immigration and Nationality Act ("INA") § 235(b)(2), 8 U.S.C. § 1225(b)(2)(A).  In his view, "[t]he governing statute for [his] detention is INA § 236(a), 8 U.S.C. § 1226(a), which is the default detention provision for noncitizens already present in the United States pending removal proceedings and which authorizes release on bond and a custody redetermination hearing under [Department of Homeland Security/Executive Office for Immigration Review] regulations."  He asks the Court to correct his immigration judge's "incorrect" determination that "Hussein is subject to mandatory detention under" § 1225(b)(2)(A) and either order a bond hearing or his release.

Though perhaps colorable when made, Hussein's arguments about being detained under the wrong statute and being entitled to a bond hearing are foreclosed by the Eighth Circuit's recent determination in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026), that applicants for admission like Hussein who are already present in the United States are subject to mandatory detention under § 1225(b)(2)(A).

For that reason,

IT IS ORDERED:
1.  Petitioner Noor Ahmed Hussein's Emergency Petition for a Writ of Habeas Corpus and Complaint for Declaratory Relief (Filing No. 1) is denied.
2.  This case is dismissed.
3.  A separate judgment will issue.

Dated this 26th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2